IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IGNATUS PAPPAGALLO, *et al.*,<br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>Redco Corp. f/k/a Crane Co., *et al.*,<br>　　　　　　Defendants. | :<br>:<br>:<br>:　Civil No.:  5:25-cv-01852-JMG<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**Gallagher, J.**                                                                                   **August 29, 2025**

### I.    OVERVIEW

Plaintiffs claim the agonizing illness and death of their loved one was caused by his exposure to asbestos through his work for Bethlehem Steel at the Hoboken Shipyard. After Defendants discovered that the decedent, Mr. Pappagallo, did some of his maintenance work on U.S. Coast Guard and Navy vessels, they removed the case to federal court. Now, Plaintiffs have moved to remand the case to the Philadelphia County Court of Common Pleas on the basis that they are waiving all claims of asbestos exposure on government vessels. Seeing as all claims which provided the jurisdictional hook into this Court have been now dismissed, this Court declines to grant supplemental jurisdiction over the remaining state-law claims.

### II.   BACKGROUND

Plaintiffs filed this action against John Crane Inc. ("JCI") and other defendants on April 21, 2023, in the Philadelphia Court of Common Pleas. Ex. A, ECF No. 1, at 1. The Complaint alleges that Mr. Pappagallo, who has since passed, was exposed to asbestos during portions of his employment for Bethlehem Steel and Kearny Maine between 1961 and 2002. *Id*. at ¶ 4. Mr. Pappagallo was diagnosed with lung cancer in November of 2022 and died less than one month

later. *Id*. at ¶ 5. Plaintiffs attribute Mr. Pappagallo's development of this disease to the asbestos exposure he experienced while working for Bethlehem Steel. *Id.*

Defendant JCI removed this action to our Court on April 10, 2025, under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). ECF No. 1. JCI alleged that federal officer removal jurisdiction was triggered after the March 12, 2025, deposition of Mr. Pappagallo's former coworker, Mr. Albanese, who he testified that "Hoboken Shipyard laborers [including Mr. Pappagallo] worked on both Navy and U.S. Coast Guard Ships" which used the same brands of gaskets and packing as the commercial ships. ECF No. 1, at 4-5. Plaintiffs filed the present Motion to Remand on May 5, 2025. ECF No. 60. In this Motion, Plaintiffs informed the Court that they had waived any claims arising out of work Mr. Pappagallo "may have performed in maintaining and repairing U.S. Navy ships and U.S. Coast Guard ships," and further argued that this Court should remand the case because this disclaimer precludes federal officer jurisdiction over Plaintiffs' claims. *Id*. at 6.

### III.    LEGAL STANDARD

"28 U.S.C. § 1442(a)(1) 'permits certain officers of the United States to remove actions to federal court.' It also allows 'private persons who lawfully assist [a] federal officer in the performance of his official duty' to remove a case to federal court." *Mohr v. Trs. of Univ. of Pennsylvania*, 93 F.4th 100, 104 (3d Cir. 2024) (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 151 (2007)) (quoting *Magnolia v. All. HC Holdings LLC*, 16 F.4th 393, 404 (3d Cir. 2021)) (internal citations omitted). "To remove a case under the statute, a defendant must establish: (1) it is person within the meaning of the statute; (2) plaintiff's claims must be based upon the defendant acting under the United States, its agencies, or its officers; (3) plaintiff's claims against the defendant must be for or relating to an act under color of federal office; and (4) it has a colorable

federal defense to the plaintiff's claims." *Mohr*, 93 F.4th at 104 (internal quotations omitted). The third prong of this test "is often referred to as the 'nexus' or 'causation' requirement, which requires there be a 'connection or association between the act in question and the federal office.'" *Att'y Gen. of the State of New Jersey v. The Dow Chem. Co.*, 2024 WL 1740087, at *9 (D.N.J. Apr. 23, 2024), *aff'd sub nom. Att'y Gen. of New Jersey v. Dow Chem. Co.*, 140 F.4th 115 (3d Cir. 2025) (quoting *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016)). "[I]n the context of federal officer removal, Plaintiff can allege an entirely state-law cause of action, but will not be able to retain the case in state courts if the claim gives rise to a colorable federal defense." *In re Asbestos Products Liab. Litig.* (No. VI), 770 F. Supp. 2d 736, 742 (E.D. Pa., 2011). The removing party, in this case Defendants, bear the burden of proving that removal was appropriate, and this Court is instructed to construe the provisions of federal officer removal broadly in their favor. *Dougherty v. A O Smith Corp.*, 2014 WL 3542243, at *2 (D. Del. July 16, 2014).

## IV. DISCUSSION

### a. Plaintiff's Post-Removal Disclaimer

Plaintiffs' Motion to Remand does not contest whether removal was initially proper under the federal officer statute. Rather, Plaintiff alleges that federal court jurisdiction no longer exists "because plaintiff is disclaiming and foregoing all claims that could possibly give rise to federal officer removal jurisdiction under 28 U.S.C. § 1442(a)(1). Specifically, [P]laintiff is giving up his claims arising out of any work Ralph Pappagallo may have performed in maintaining and repairing U.S. Navy ships and Coast Guard ships." ECF No. 60, at 1.[1]

---

[1] The Court recognizes that Plaintiffs' Motion to Remand also attempts to disclaim any claim of exposure "under the direction of a federal officer or government contractor." ECF No. 60, at 6. The Court agrees with Defendant JCI that this type of disclaimer is circular because it "would force a contractor, to prove in state court that they were acting under the direction of the government," and that it appears to be the type of jurisdictional disclaimer that other courts have

Courts have drawn a distinction between "jurisdictional" disclaimers and "express claim" disclaimers. Jurisdictional disclaimers are technical legal disclaimers designed to circumvent federal officer removal by waiving, for example, "any cause of action or claim for recovery that could give rise to federal subject matter jurisdiction" or "any cause of action or claim of recovery based on any exposure to asbestos cause by any person or entity acting under the authority of a federal officer or agency." *Dougherty*, 2014 WL 3542243, at *3. Courts have often found these types of disclaimers ineffective because they go against the presumption in favor of federal officer removal and deny defendants the opportunity to adjudicate their proffered federal defenses in a federal forum. *Id*. at *5; *In re Asbestos Products Liab. Litig.* (No. VI), 770 F. Supp. 2d at 742. On the other hand, courts have treated express claim disclaimers of the claims that are the grounds for removal as sufficient bases for remand because they "do[] not require a state court to evaluate the substance of a federal contractor nexus." *See, e.g.*, *Long v. 3M Co.*, 2024 WL 866819, at *4 (D. Or. Jan. 31, 2024). "Waiver is ineffective when a plaintiff attempts to 'plead around the officer removal statute by waiving only federal claims,' or makes a circular waiver of 'any claims subject to a government contractor defense.'" *Id*. (quoting *Pratt v. Asbestos Corp.*, 2011 WL 4433724, at *1 (N.D. Cal. Sept. 22, 2011)) (quoting *McMann v. Air & Liquid Sys. Corp.*, 2014 WL 1794694, at *1-2 (W.D. Wash. May 6, 2014)).

Cases in our sister courts have acknowledged "Third Circuit precedent allows for claim disclaimers in asbestos-liability cases." *Heilner v. Foster Wheeler LLC*, 2022 WL 3045838, at *3 (M.D. Pa. Aug. 2, 2022); *see Dougherty*, 2014 WL 3542243, at *14, 15-16 (identifying a "larger group of asbestos cases in which courts have given effect to express claim disclaimers" and noting

---

found ineffective. ECF No. 64, at 10. For those reasons, and because Plaintiffs appear to have abandoned this disclaimer in their supplemental briefing, the Court will only address Plaintiffs' disclaimer of claims based on asbestos exposure on government sites.

"the parties have not identified, nor is the court aware of, any case in which a federal court has rejected on the merits an express disclaimer of claims relating to asbestos exposure on federal jobsites and military vessels/aircrafts."). Both the Western District of Pennsylvania and the Middle District of Pennsylvania courts have found that a similar claim disclaimer warranted remand. In *Heilner*, the court granted the plaintiffs' motion to remand after considering their waiver of claims for asbestos exposure during Heilner's service in the Navy. 2022 WL 3045838, at *3. The court found there was no evidence of judicial manipulation because "there was never a clear claim against Foster Wheeler for Heilner's alleged exposure in the Navy" *Id*. at 4. Moreover, there was "no longer any claim that could serve as a jurisdictional hook" and "there [were] no factors that would weigh in favor of keeping this matter in federal court." *Id*. In *Martincic v. A.O. Smith Corp.,* the Court remanded the case upon consideration of both plaintiffs' express claim disclaimer in the complaint and plaintiffs' post-removal disclaimer raised in their motion to remand of "claims for any asbestos exposure suffered by Mr. Martincic during his naval career." 2020 WL 5850317, at *1, 5 (W.D. Pa. Oct. 1, 2020). The Court found the disclaimer in the complaint alone was "clear, specific, and effective . . . Nevertheless, to the extent that Foster Wheeler's being named in the Complaint and Martincic's reference to asbestos exposure in the Navy during his deposition testimony created ambiguity, that ambiguity is repaired by [the disclaimer in] Plaintiffs' motion to remand." *Id*. at *4-5. Additionally, in *Dougherty v. A O Smith Corp*. the court permitted the plaintiff to expressly disclaim claims of asbestos exposure during Mr. Dougherty's naval service or on federal jobsites and military vessels/aircrafts that served as the grounds for federal officer removal in a post-removal disclaimer. *Dougherty,* 2014 WL 354224, at *9-10, 16. Lastly, the District of New Jersey, despite determining that the disclaimer in that case was insufficient to warrant remand, maintained that "'disclaimers that clearly carve[ ] out certain factual bases,

5

whether by time span or location, such that any alleged injury could not have happened under the direction of a federal officer will [defeat the basis for federal officer] removal.'" *In re Insulin Pricing Litig.* 2025 WL 1576940, at *4 (D.N.J., 2025) (quoting *Gov't of P.R. v. Express Scripts, Inc.*, 119 F.4th 174, 187 (1st Cir. 2024) (internal quotations omitted)).[2]

Additionally, in a factually similar case in the District of Oregon, the Court found, "that remand is appropriate when a plaintiff alleges asbestos-based injury resulting from work on both commercial and naval vessels but waives claims based on naval exposure or at federal government jobsites, eliminating any causal nexus between the plaintiff's claims and the defendant's actions under a federal officer's direction." *Long.*, 2024 WL 866819, at *3. The Court in Long further explained, "[t]hat Long's explicit waiver came after removal does not undermine its effectiveness." *Id.* In granting the motion to remand, the Court was persuaded by the fact that the plaintiff in *Long* "did not allege exposure on Navy vessels in his Complaint, nor did he assert claims based on Navy exposure." *Id.* at *5. Therefore, the plaintiff's post-removal disclaimer was not inconsistent with his prior assertions, and it was sufficiently clear to eliminate the possibility of a causal nexus between the remaining claims and Defendants' alleged conduct under the direction of a federal officer. *Id.* at *4

Here, Plaintiffs have not made the type of over-generalized jurisdictional disclaimer that other courts have found insufficient to justify remand. Plaintiffs have not broadly waived any claims that "give rise to federal subject matter jurisdiction" or "any cause of action or claim of recovery

---

[2] The post-removal disclaimer in the *In re Insulin Pricing Litigation* case which involved an alleged conspiracy between insulin manufacturers and pharmacy benefit managers aligns with the disclaimer in *Express Scripts, Inc. See In re Insulin Pricing Litigation,* 2025 WL 1576940, at *5-6; *Gov't of P.R. v. Express Scripts, Inc.,* at 181-82, 189, 194. These disclaimers are distinguishable from the location-based asbestos exposure disclaimers cited in this section and will be discussed more below.

6

based on any exposure to asbestos cause by any person or entity acting under the authority of a federal officer or agency." Rather, Plaintiffs have specifically waived the claims that prompted removal in this case. Their disclaimer clearly carves out certain claims based on location such that any alleged injury could not have happened under the direction of a federal officer, and the state court will not be required to determine whether Defendants were acting under the direction of the federal government at the time they provided the gaskets and packing materials to the non-government vessels Mr. Pappagallo worked on. Like the plaintiff in *Long*, Plaintiffs' Short Form Complaint neither alleges that he was exposed to asbestos on Navy or Coast Guard vessels, nor does it allege claims based on Navy or Coast Guard exposure. ECF No. 1, at 4. Any ambiguity that existed after the deposition testimony of Mr. Albanese as to whether Plaintiffs were bringing claims for Mr. Pappagallo's Navy and Coast Guard asbestos exposure has been clarified by Plaintiffs' unambiguous location-based disclaimer in their Motion to Remand. *See Martincic*, 2020 WL 5850317, at *3 (distinguishing artful pleadings that are opaque and ambiguous, giving the impression of bad faith, with clear and unambiguous disclaimers intended to prevent removal that show good faith). The Court sees no reason why this disclaimer should be treated any differently than those in *Heilner*, *Martincic, Dougherty,* or *Long*.

    **b. Indivisible Injury**

Plaintiffs have sufficiently waived all claims of asbestos exposure on government vessels. However, Defendants maintain that this disclaimer is ineffective to warrant remand because "JCI's federal work is 'inextricably' related to the charged conduct" such that "any relief would necessarily implicate JCI's work for the federal government," giving Defendants "a colorable government contractor defense to Plaintiffs' case." ECF No. 64, at 16, 17. For purposes of exhaustiveness, the Court will address Defendants' secondary argument in opposition to Plaintiffs'

7

disclaimer: that asbestos exposure is an indivisible injury and "where a plaintiff alleges that a single, indivisible, asbestos-related injury has resulted from cumulative lifetime asbestos exposures, and where one or more of the instances of exposure would give rise to a right of removal on the defendant's part, the plaintiff cannot defeat removal by attempting to artfully limit his claim or recovery to the non-removable exposures while ignoring the removable exposures." ECF No. 83, at 8 (internal quotations omitted). Defendants express additional concern that:

> If Plaintiffs were to be improperly allowed to obtain a remand by purporting to disclaim any right of recovery for an injury caused in whole or in part by Mr. Pappagallo's work and alleged asbestos exposure on Government Ships, they have taken on the scientifically impossible task of proving . . . that [Mr. Pappagallo's] Non-Government Ship exposures were the sole cause-in-fact of his harm.  Absent such proof (which is unavailable to Plaintiffs here), their claims would fail as a matter of law based on the operation of their own disclaimer, as they would have expressly waived any right of recovery for an injury caused even in slightest part by Mr. Pappagallo's work on Government Ships.

*Id*. at 5. The court in *Long* did not find that argument sufficient to prevent remand, and neither does this Court. *Long v. 3M Co.*, 2024 WL 866819, at *3 ("Foster Wheeler raises the concern that 'it is difficult (at best) to disentangle any harm caused to Mr. Long by equipment aboard civilian vers[u]s government vessels,' and asserts that those 'complexities' are for this court to resolve. (Def.'s Resp. at 25.) It is Long, however, who will have to overcome such difficulty to prove liability through exposures on non-government vessels."); *see Heilner*, 2022 WL 3045838, at *3 (remanding a case over the defendant's objection that "any particular asbestos exposure [could not be disclaimed] based on the indivisible nature of [the plaintiff's] injury"); *Holste v. 3M Co.*, 2025 WL 100806, at *3 (C.D. Cal. Jan. 10, 2025) ("[D]espite Boeing's assertions to the contrary, this is not a case where Plaintiffs' claims are based on "indivisible" federal and non-federal work. . . Thus, Plaintiffs' disclaimer of any liability against Boeing relating to [asbestos exposure from] military equipment resolves the causal nexus and colorable federal defense prongs of the federal officer removal test against removal."); *Joyner v. A.C & R. Insulation Co.,* 2013 WL 877125, at

8

*5 (D. Md. Mar. 7, 2013), *reconsideration denied,* 2013 WL 2460537 (D. Md. June 6, 2013) ("Even if [the plaintiff] is permitted to disclaim any damages related to Crane Co.'s valves, the other defendants may argue to the state-court jury that those valves caused or contributed to [the plaintiff's] mesothelioma. The jury would then be charged with determining the extent to which the valves caused his injuries, and [the plaintiff] would not be entitled to any monetary damages for the valve-related injuries. In other words, the claim disclaimer would simply prevent [the plaintiff] from collecting any damages caused by his exposure to Crane Co. valves."). Plaintiffs' express waiver of government exposure is the exact type of disclaimer that has been accepted by numerous other courts dealing with asbestos claims. To the extent that Defendants are concerned that this disclaimer will cause Plaintiffs' remaining claims to fail as a matter of law in state court, that concern is not relevant to the jurisdictional inquiry before this Court. Plaintiffs will bear the burden of proving that non-government exposures caused Mr. Pappagallo's injury in the state court proceedings.

Nonetheless, the Court will explain why the strongest cases cited by Defendants in support of this argument are unpersuasive.

In *Government of Puerto Rico v. Express Scripts, Inc.*, the Commonwealth alleged that pharmacy benefit managers "schemed to inflate the [wholesale acquisition cost of prescription drugs] . . . depriving Commonwealth residents of affordable insulin and other drugs." 119 F.4th at 181. The complaint explicitly disclaimed "relief relating to any federal program (e.g., Medicaid, Medicare) or any contract related to a federal program." *Id*. at 181-82. However, one of the defendants argued that removal was still proper under §1442(a)(1) because it negotiated with manufacturers for rebates on behalf of both its federal employee clients and non-federal employee clients jointly. *Id*. at 183. Therefore, defendants argued their alleged misconduct in negotiations

9

was on behalf of a federal officer. *Id*. at 189. The First Circuit concluded that the plaintiff's disclaimer was ineffective to prevent removal because Defendant's conduct was indivisibly federal and non-federal, and the plaintiff's "theory of relief premised on the negotiations ma[de] it possible that it w[ould] recover for work that [Defendants] claim[] to have 'carried out' for the federal government," also referred to as "official acts." *Id*. at 192; *see In re Insulin Pricing Litigation*, 2025 WL 1576940, at *6 (finding that "Defendants sufficiently contend[ed] the work done on behalf of their private clients [was] too commingled with that done on behalf of their federal client" and therefore plaintiff's post-removal disclaimer statements could not "foreclose the possibility that [the plaintiff] would seek to recover for Defendants' actions to assist the federal government).

However, the First Circuit drew a distinction between private conduct that occurs simultaneously with federal conduct and is therefore indivisible from it, and private conduct that occurs in a different location or on different property and can be disconnected from a defendant's work for the federal government. *Id*. at 192-93. Specifically, the Court found:

> When a plaintiff disclaims claims arising from their injuries on federal property, the plaintiff's remaining claims presumably arise from their injuries on private property and are disconnected from the defendant's work for the federal government. . . A defendant cannot claim that it acted for a federal officer and is entitled to federal immunity in that scenario. . . These disclaimers eliminate a defendant's colorable federal defense, so there is no concern that the defendant would be forced to litigate such a defense in state court.

*Id.* at 193 (internal citations omitted). Therefore, Defendants attempts to align their case with *Express Scripts, Inc.* are misguided. Plaintiffs' disclaimer is purely location-based and is of a type which the First Circuit would agree is sufficient to block removal because Defendants conduct in supplying asbestos-containing gasket and packing materials to commercial ships can be disconnected from Defendants' conduct in supplying gasket and packing materials to separate Navy and Coast Guard ships. *Id*. ("Nor may a defendant remove when confronted with a location-

based disclaimer that limits the plaintiff's claims to those arising only on private property and which do not concern that defendant's work for a federal officer."). Unlike the coextensive rebate negotiations in *Express Scripts*, Defendants have not shown that their federal and non-federal conduct was so indivisible that they may be held liable in state court for work carried out on behalf of the federal government if this Court remands Plaintiffs' remaining claims. Defendants' Notice of Removal details the rigorous process for ensuring that its products were qualified and approved to be purchased by the U.S. Navy and Coast Guard. This includes obtaining a military specification, notifying the Navy or Coast Guard of its intent to bid on that specification, developing a product that conformed to that specification, and testing the product at both an independent laboratory and a government facility with the hopes of securing its placement on the government's Qualified Products List to be sold to the Navy or Cost Guard. ECF No. 1, at 5-6; *see id*. at 10 ("At all times relevant to Plaintiffs' claims, JCI complied with all reasonably precise specifications, including product composition, labeling requirements, and testing protocols, set forth in the specifications applicable to the gasket and packing products it sold to the U.S. Navy and Coast Guard."). Aside from the fact that Mr. Albanese testified he and Mr. Pappagallo were exposed to asbestos materials from the same brands on both commercial and government vessels, Defendants have not made the connection between their conduct in providing those products to commercial ships and their conduct in providing those products to government ships. Defendants have not shown, for example, that the product specifications for gasket and packing materials used on both types of ships were identical or that their conduct in supplying these materials to government and non-government vessels was simultaneous. Therefore, because Plaintiffs are only bringing claims for commercial exposures at this stage, Plaintiffs would not be able to recover in state court for Defendants' official acts because, unlike the plaintiffs in *Express Scripts, Inc.*,

Defendants have not shown that they performed this conduct under a federal officer's authority and are so entitled to colorable federal defenses. *See* 119 F. 4th, at 180.

Defendants additionally direct the Court's attention to *Maryland v. 3M Co.* and *Baker v. Atlantic Richfield Co.*, both of which involved claims of contamination or pollution resulting from defendants' manufacture of products containing hazardous chemicals. *Maryland v. 3M Co.*, 130 F.4th 380, 389 (4th Cir. 2025); *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 945 (7th Cir. 2020). The defendants in these cases manufactured chemical-containing products for both the government and private entities. In *Maryland* there was a disclaimer "which purported to establish that they were not charging [the defendants] with conduct that was related to its production and sale of [chemical products for the military.]" 130 F. 4th at 388. The Fourth Circuit did not treat this disclaimer dispositively given the lens through which federal officer removal is considered, turning instead to the defendants' theory of the case and well-pleaded facts of removal. Specifically, the court focused its analysis on the third requirement of federal officer removal. Ultimately, the Court concluded that "the nexus element would be satisfied because PFAS from different sources commingle to the point that it is impossible to identify the precise source of a contaminant once those chemicals seep into the relevant waterways," and remand was inappropriate because it would require the state court to decide this difficult factual question about the defendants' federal interest. *Id*. at 390. Although the rationale in *Maryland* and *Baker* is persuasive, it is not controlling. PFAS cases where it is nearly impossible to identify the source of contamination are distinguishable from asbestos cases with individual incidents of exposure that can be separated based on location. Moreover, the facts pled in Defendants' Notice of Removal are distinguishable from those in *Maryland* because they fail to establish that Defendants' actions in connection to Plaintiffs' commercial exposure claims were done under federal authority, as discussed above. Therefore,

unlike in *Maryland and Baker*, Plaintiffs' disclaimer is a valid means of precluding removal and ensuring that the state court will not need to determine the nexus nor apportion the asbestos exposure between sources, as the only sources Plaintiffs are seeking to recover from are commercial vessels. *Id*. at 392.

### c. Effect of Plaintiffs' Post-Removal Disclaimer

Because Plaintiffs' claim disclaimers were asserted after Defendants filed their Notice of Removal, they cannot technically "defeat" removal at this stage. *Dougherty*, 2014 WL 3542243, at *10. However, "'even if jurisdiction existed at the time of removal, the elimination of all federal claims after removal bears on the court's exercise of supplemental jurisdiction.' . . . In other words, 'whether to retain a removed case after post-removal dismissal of all claims that made the case properly removable presents an entirely different issue than whether removal was proper in the first place," and thus 'a properly removed case *can* be remanded to the state court after [a] complaint is amended to remove the allegations that made removal proper.'" *Westchester Cnty. v. Mylan Pharms., Inc.*, 737 F. Supp. 3d 214, 222 (S.D.N.Y. 2024) (quoting *Paparella v. Liddle & Robinson, L.L.P.*, 2023 WL 2344725, at *4 (S.D.N.Y. Mar. 3, 2023)) **(**quoting *Frawley v. Gen. Elec. Co.*, 2007 WL 656857, at *3 (S.D.N.Y. Mar. 1, 2007) (emphasis in original)). "[T]he propriety of a post-removal action either in the form of an express disclaimer or an amendment to a complaint removing allegations triggering federal liability is controlled by the discretionary principles of supplemental jurisdiction: judicial economy, convenience, fairness, and comity." *Martincic,* 2020 WL 5850317, at *4  (citing 28 U.S.C. § 1367) (citing Fed. R. Civ. P. 1).

Finding that the claims which would have made this case properly removable have been dismissed, this Court must determine in its discretion whether to exercise supplemental jurisdiction

13

over the remaining claims of asbestos exposure on non-government ships.[3] The Court finds the principles of judicial economy, convenience, and fairness to the parties weigh in favor of remand. Similar to *Long*, "[t]his case is in the early stages of litigation," having not yet passed the deadline for motions to dismiss or met with the Court for an initial scheduling conference to establish discovery deadlines. 2024 WL 866819, at *6. Moreover, Defendants have not put forth an argument that explains why this case would be more efficiently resolved in a federal forum or why it would be unfair to litigate these claims in state court. *Cf. In re Insulin Pricing Litig.*, 2025 WL 1576940, at *16 (finding that even if the court had discretion to remand, it would decline to do so because "[a]llowing this matter to proceed with the hundreds of other similar claims proceeding in this MDL would promote both consistency in decision-making as well as judicial efficiency,"

---

[3] The Court rejects Defendants Paramount Global and General Electric Company's argument that remand is improper because this Court "enjoys original subject matter jurisdiction over '[a]ny civil case of admiralty or maritime jurisdiction.'" ECF No. 63, at 6 (citing 28 U.S.C. § 1333(1)). A similar argument was made by the defendant and rejected in *Long*:

> Even if removal was proper at the time it occurred, there is no longer a basis for removal jurisdiction. Removal jurisdiction is distinct from original subject matter jurisdiction: there may be a defect in removal jurisdiction despite the existence of original jurisdiction. . . Under the "saving to suitors" clause of 28 U.S.C. § 1331(1), "when a plaintiff brings a maritime cause of action against a person in state court, a federal court lacks admiralty jurisdiction over that claim. In order to remove such a claim to federal court, the defendant must assert some other basis of jurisdiction, such as diversity jurisdiction." *County of San Mateo*, 32 F.4th at 763. Because Long has explicitly waived any claims to which a federal defense could apply, and admiralty jurisdiction does not justify removal, there is no basis for removal jurisdiction here. Accordingly, even if removal was proper at the time it occurred, this court has discretion under 28 U.S.C. § 1367(c) to remand.

2024 WL 866819, at *6. The Court agrees with and adopts this finding. In light of Plaintiffs' dismissal of the claims which could have served as the basis for removal jurisdiction, remand is still appropriate because even assuming Plaintiffs' remaining claims qualify as maritime claims, "[u]nder the 'savings suitors' clause, these maritime claims are not removable to federal court based on admiralty jurisdiction alone." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 763-64 (9th Cir. 2022).

the litigation was well into the discovery phase, and "it would be unfair and inefficient to require Defendants to relitigate the same claims in different courts on opposite sides of the country"). The Court is also persuaded by the fact that there is no evidence of judicial manipulation or forum shopping. *Id*. at *15-16; *Heilner*, 2022 WL 3045838, at *4. From the initial filing of the Complaint to the present moment, Plaintiffs have not made a clear claim against Defendants for Mr. Pappagallo's asbestos exposure on Navy and Coast Guard vessels. Their remaining claims for asbestos exposure on commercial ships belong in state court.

V.    CONCLUSION

The Court finds that Plaintiffs' waiver was made in good faith and has effectively removed all allegations which could have triggered federal liability. Under the principles of judicial economy, convenience, and fairness to the parties, the Court declines to exercise supplemental jurisdiction over the remaining claims of commercial vessel exposure. Plaintiffs' Motion to Remand (ECF No. 60) is granted.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge