**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IGNATIUS PAPPAGALLO, Executor of the Estate of RALPH PAPPAGALLO a/k/a RAFFAELE PAPPAGALLO and ANNA PAPPAGALLO, in her own right,<br><br>    Plaintiffs,<br><br>v.<br><br>REDCO CORP., f/k/a CRANE CO., *et al.*<br><br>    Defendants. | Civil Action No. 2:25-cv-01852 |

**DEFENDANT JOHN CRANE INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY ORDER OF REMAND PENDING APPEAL**

Defendant John Crane Inc. ("JCI"), by counsel, moves this Court to stay its August 29, 2025 Order, ECF No. 85 (hereafter the "Order"), pending the resolution of JCI's appeal to the United States Court of Appeals for the Third Circuit. An automatic stay applies to the remand order under the rule that an interlocutory appeal automatically stays all related proceedings to avoid "defeat[ing] the point of the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023). As numerous federal courts have held under 28 U.S.C. §1442, because JCI's appeal will determine the proper forum in which this case should be resolved, the appeal operates as an automatic stay of the remand order.

Even if no automatic stay applied, a stay of the remand order is warranted under the traditional stay factors to preserve the status quo and prevent the irreparable harm that would result from the loss of the federal forum and the disruption of the litigation if the case is remanded and then reversed on appeal.

## I.    FACTUAL BACKGROUND

JCI timely removed this case based on the undisputed facts (based on Plaintiffs' own theory of the case) that: (i) the lung cancer developed by the decedent, Raffaele Pappagallo ("Mr. Pappagallo") is an "indivisible" injury that is the product of his cumulative exposure to asbestos over many years; (ii) all such exposures must be considered by Plaintiffs' medical expert in arriving at a diagnosis; and (iii) the alleged exposures here included those experienced by Mr. Pappagallo aboard Navy and other government vessels. [ECF No. 1; NO. 64 at 5-8; ECF No. 85 at 1-3.] These factual predicates notwithstanding, the Court held that because Plaintiffs were not "claiming" recovery for the exposures aboard federal government vessels—there is no dispute that the exposures happened or that they contributed indivisibly to his injury—"the jurisdictional hook" for this Court's exercise of subject matter jurisdiction was negated. [ECF No. 85 at 1-13.]

In so holding, the Court found the federal circuit case law on which JCI relied "persuasive" but "not controlling." [*Id.* at 12.] Neither the parties nor the Court cited any controlling Third Circuit authority on the removability of Plaintiffs' claim arising from an indivisible injury.

## II.    ARGUMENT

In 28 U.S.C. § 1447(d), Congress expressly authorized appeals of remand orders in cases removed under 28 U.S.C. § 1442. Because an appeal of a remand order is authorized in an action removed under the federal officer removal statute, this Court has jurisdiction to stay that remand order pending the appeal. *See, e.g., Kansas v. Pfizer, Inc.*, 2025 U.S. Dist. LEXIS 103047 at *4-8 (D. Kan. May 30, 2025); *Town of Pine Hill v. 3M Co.*, 2025 U.S. Dist. LEXIS 63099 at *4-9 (S.D. Ala. Apr. 2, 2025); *Georgia v. Meadows*, 692 F. Supp. 3d 1334, 1338 n.3. (N.D. Ga. 2023) (collecting cases).

A stay is warranted for two alternative reasons. First, further proceedings are automatically stayed pending JCI appeal to the Third Circuit. Second, even if an automatic stay did not apply, this Court should issue a stay because JCI is substantially likely to prevail on appeal, given the federal appellate case law on the removal of suits involving indivisible injuries, and because JCI would be prejudiced if this case proceeds in state court in derogation of JCI's right to a federal forum.

### A. Further Proceedings Are Automatically Stayed Pending JCI's Appeal.

Further proceedings during JCI's appeal are automatically stayed because "the entire case is essentially 'involved in the appeal.'" *Coinbase*, 599 U.S. at 741. In general, "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id.* at 740 (*quoting Griggs v. Provider Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). That principle "reflects a longstanding tenet of American procedure" designed to preserve "scarce judicial resources." *Id.* at 740, 743. Accordingly, when Congress authorizes an interlocutory appeal, a stay of further related proceedings is "automatic" unless Congress expressly provides otherwise. *Id.* at 744.

In *Coinbase*, for example, the Supreme Court held that the interlocutory appeal of a motion to compel arbitration automatically stayed all proceedings in the district court. *Id.* at 744. The Supreme Court explained that "whether 'the litigation may go forward in the district court is precisely what the court of appeals must decide,'" so "it 'makes no sense'" for the district court proceedings to continue while the antecedent question is resolved. *Id.* at 741. If the rule were otherwise, the Supreme Court explained, "a right to an interlocutory appeal would be largely nullified"—"many of the asserted benefits of arbitration ... would be irretrievably lost." *Id.* at 743.

3

The right to an appeal absent a stay would be "like a lock without a key, a bat without a ball, a computer without a keyboard—in other words, not especially sensible." *Id.* at 743.

Plaintiff may argue that *Coinbase* is limited to orders compelling arbitration. But that is not so. As the Fourth Circuit recently held, the *Coinbase* logic applies with full force in this context and means that proceedings in the district court are automatically stayed when a defendant takes an interlocutory appeal of a remand order under § 1447(d). *See City of Martinsville v. Express Scripts, Inc.*, 128 F. 4th 265, 268 (4th Cir. 2025) (holding that defendant's appeal under § 1447(d) "requir[es] that the district court halt all proceedings related to the appeal"). Congress has given JCI the right to file an interlocutory appeal of the order remanding this case because JCI asserted that federal jurisdiction is proper under the federal officer removal statute. 28 U.S.C. § 1447(d); *BP p.l.c. v. Mayor of Balt.,* 593 U.S. 230, 230 (2021).

As with a motion to compel arbitration, the fundamental question at issue here is "[w]hich forum will hear the case." *Martinsville*, 128 F.4th at 270. So "essentially the whole case is 'involved in'" JCI's appeal of the remand order. *Id.* Other federal courts have reached the same result. *Pfizer,* 2025 U.S. Dist. LEXIS 103047 at *4-8; *Town of Pine Hill*, 2025 U.S. Dist. LEXIS 63099 at *4-9; *State of Hawaii ex rel. Lopez v. Caremarkpcs Health, L.L.C.*, 2025 U.S. Dist. LEXIS 101306 (D. Haw. May 28, 2025). Under *Coinbase* and its Section 1442 progeny, any further proceedings in this case are automatically stayed. Like those courts, this Court should recognize that further proceedings are automatically stayed until the Third Circuit determines where this suit will be resolved.

From JCI's review of the docket, it appears that this Court emailed copies of the remand order to the Court of Common Pleas on August 29, before the notice of appeal was filed on September 2. This Court nonetheless has jurisdiction to grant JCI's motion to stay the remand

4

order pending its appeal. Emailing the remand order does not effectuate the remand because 28 U.S.C. § 1447(c) requires that "[a] certified copy of the order of remand shall be *mailed* by the clerk to the clerk of the State court." (Emphasis added.) And even if the Court had also mailed the remand order to the Court of Common Pleas before JCI filed its notice of appeal, the remand is nonetheless automatically stayed for 30 days. Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Federal Rule of Civil Procedure 54(a) defines a "judgment" under the rules as "a decree and any order from which an appeal lies." Because an appeal lies under 28 U.S.C. § 1447(d) from the Court's remand order in this case, the remand is automatically stayed for 30 days under Rule 62(a). *See Pfizer*, 2025 U.S. Dist. LEXIS 103047 at \*5-\*6 (holding that the court had jurisdiction to consider a motion for a stay because "the remand order was mailed prematurely to the state court" while Rule 62(a)'s 30-day automatic stay was in effect); *Town of Pine Hill*, 2025 U.S. Dist. LEXIS 63099 at \*5 (granting a stay "although the remand order has been transmitted" because "the 30-day automatic stay is in effect").

**B. This Court Should Issue a Stay Because JCI Is Likely to Prevail on Appeal and Would Be Prejudiced Without a Stay.**

Even if proceedings were not stayed automatically pending JCI's appeal, this Court should still grant a stay pending appeal—particularly in light of what this Court described as "persuasive" precedent cited by JCI from federal appellate courts outside the Third Circuit. [ECF No. 85 at 12.] In considering whether such a stay is warranted, courts balance four factors: (1) whether JCI has made a strong showing of the likelihood of success on the merits; (2) the likelihood that the moving party will be irreparably injured absent a stay; (3) whether issuance of the stay will "substantially injure" the other parties interested in the proceeding; and (4) the public interest. *Revel AC, Inc. v. IDEA Boardwalk LLC*, 802 F.3d 558, 565 (3d Cir. 2015). "The first two factors of this traditional

standard are the most critical." *In re Citizens Bank, N.A.*, 15 F.4th 607, 616 (3d Cir. 2021). Application of these factors here supports a stay pending JCI's appeal.

### 1. JCI Has Demonstrated a Likelihood of Success on the Merits.

"A substantial likelihood of success on the merits requires a showing of only likely or probable, rather than certain, success." *Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1271 n.12 (11th Cir. 2020). Particularly given recent precedent from other courts, this factor weighs in favor of a stay.

JCI is substantially likely to succeed in its argument that this case is removable under the federal officer removal provision, § 1442(a)(1). In contrast to other bases for removal, courts have recognized that removal under Section 1442 is to be "liberally construed" in favor of federal jurisdiction to protect federal interests. *Watson v. Phillip Morris Co., Inc.*, 551 U.S. 142, 147 (2007); *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969). "'[T]he ordinary presumption against removal does not apply' to federal officer removal. General removal principles are, in other words, inverted when § 1442(a)(1) is at issue." *Maryland v. 3M Co.*, 130 F.4th 380, 388 (4th Cir. 2025).

The court reasoned here that "Plaintiffs' Short Form Complaint neither alleges he was exposed to asbestos on Navy or Coast Guard vessels, nor does it allege claims based on Navy or Coast Guard exposure." [ECF No. 85 at 7.] As an initial matter, JCI's removal was based on the evidence adduced in discovery and not the Short Form Complaint. The Third Circuit is substantially likely to find that: (i) the Short Form Complaint does not meet the pleading requirements of Federal Rule of Civil Procedure 8; and in any event (ii) omitting certain exposures from a complaint is the sort of "artful pleading" that Section 1442 proscribes.

This Court also found persuasive JCI's reliance on both *Maryland* and *Baker v. Atlantic Richfield Co.*, 962 F.3d 937 (7th Cir. 2020), yet distinguished *Maryland* (it did not address further the *Baker* decision) on the grounds that:

> PFAS cases [like *Maryland*] where it is nearly impossible to identify the source of contamination are distinguishable from asbestos cases with individual incidents of exposure that can be separated based on location. Moreover, the facts pled in Defendants' Notice of Removal are distinguishable from those in *Maryland* because they fail to establish that Defendants' actions in connection to Plaintiffs' commercial exposure claims were done under federal authority, as discussed above.

[ECF No. 85 at 12.] Taking these in reverse order, the defendants in neither *Maryland* nor *Baker* alleged that the commercial exposure claims were governed by federal specifications. And neither of those opinions discussed—let alone based their decisions on—identifying the geographical location from which the defendants' conduct originated. In both cases, the key to each was the indivisibility of the ***plaintiff's injury*** not the ***defendant's conduct***.

The Third Circuit is substantially likely to hold that, as in those cases from other circuits, it too can "plausibly infer" that products made to Navy specifications and those made commercially were "indistinguishably commingled"—the former contributing "at least a portion of the relevant conduct," *Maryland*, 130 F.4th at 391—leading "inseparably" to the alleged injury. *Id.* at 386. The Third Circuit is likely to hold in accord with its sister circuits that whether the injury was caused by JCI's "wartime production for the federal government or from [its] more general manufacturing operations outside those confines [are] *merits questions* that a federal court should decide." *Id.* (emphasis added); *accord Nessel v. Chemguard, Inc.*, 2021 U.S. Dist. LEXIS 39175 at *10 (W.D. Mich. Jan. 6, 2021) (noting that while plaintiffs may "surgically" disclaim certain exposures, "they cannot prevent Defendants from raising" products made pursuant to military specifications "as a defense or an alternate theory of causation").

7

The federal government contractor defense exists because civil liability arising out of the performance of federal procurement contracts implicates "uniquely federal interests." *Boyle v. United Techs. Corp.*, 487 U.S. 500, 504 (1988). JCI's removal was based on its colorable federal government-contractor defense for conduct carried out under the direction of a federal officer that has a connection to the alleged contamination. JCI is substabpntially likely to succeed on appeal.

### 2. *JCI Will Suffer Irreparable Harm in the Absence of a Stay.*

Absent a stay, JCI will suffer irreparable harm. This case will be remanded to state court for further proceedings, depriving JCI of its right to have a federal forum oversee this case given JCI's viable government-contractor defense. Congress is so protective of federal judicial consideration of the federal government contractor defense that in 2011, it made cases removed under the federal officer removal statute one of just two exceptions to the general rule that remand orders are not reviewable by appeals or otherwise. *See* 28 U.S.C. § 1447(d).

By creating this appeal right, Congress made clear the importance it places on the right of a federal government contractor to have claims against it adjudicated in a federal forum. *See BP p.l.c.*, 593 U.S. 230, 245 (2021) ("Congress has expressed a heightened concern for accuracy, authorized appellate review, and accepted the delay it can entail" for "cases removed pursuant to § 1442 ..."). The overriding interest in "the protection of a federal forum," *Willingham*, 395 U.S. at 407, is sufficient reason for this Court to pause this case until the Third Circuit determines whether the case should proceed in federal court. Requiring JCI to litigate in Philadelphia state court therefore constitutes irreparable harm. A stay is appropriate until the Third Circuit determines whether this Court or the state court may properly exercise jurisdiction.

### *3. A Stay Will Not Cause Substantial Injury to Plaintiffs.*

Plaintiffs will not suffer substantial injury from a stay of the remand order. A stay will merely preserve the status quo while the appeal is pending, without affecting Plaintiffs' ability to pursue the merits of the case. In contrast, denying a stay would force JCI to litigate simultaneously in state court and in the Third Circuit, undermining the federal interests protected by Section 1442.

### *4. The Public Interest Supports a Stay.*

The public interest weighs in favor of a stay because Section 1442 reflects Congress's strong policy interest in ensuring that federal officers and those acting under them have access to a federal forum. Congress has provided that, unlike most remand orders, an order remanding a case (like this one) removed under Section 1442 is appealable as a matter of right. See 28 U.S.C. 1447(d). Staying the remand order ensures that this important federal interest is preserved pending appellate review.

If the Third Circuit reverses the remand order, the action once again will return to this Court. Moving forward in a state trial court prior to the disposition of JCI's Third Circuit appeal could prove to be a waste of judicial resources and could cause unnecessary costs and expenses to be incurred by the parties. A stay of the remand order will also serve the interests of judicial economy and federalism, as it will avoid the waste of resources and the potential for conflicting rulings that may arise from parallel proceedings in state and federal courts.

### III. CONCLUSION

For the foregoing reasons, JCI respectfully requests that the Court stay its Order of remand pending the conclusion of JCI's appeal to the Third Circuit.

DICKIE, McCAMEY & CHILCOTE

By:   <u>TFT2354</u>
      Tiffany F. Turner, Esquire
      Attorney for Defendant, John Crane Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

                         DICKIE, McCAMEY & CHILCOTE

                         By:   TFT2354
                                Tiffany F. Turner, Esquire
                                Attorney for Defendant, John Crane Inc.